### ABIEL G. TRAFTON *vs. Inhabitants of* ALFRED.

No action can be maintained against a town for the assessment and collection of an illegal school district tax.

EXCEPTIONS from the Court of Common Pleas, WHITMAN C. J. presiding.

The action was *trespass.* The plaintiff proposed to prove, that the assessors of the town assessed a tax upon him and others for

the purpose of defraying the expense of building a schoolhouse in a supposed school district in the town ; that the assessors issued their warrant to the collector, who distrained the plaintiff's property, and collected of him the amount of the tax ; that the tax was illegally made, because the supposed school district, for which the tax was assessed, was not legally formed by territorial limits ; and because the meeting of the supposed school district, at which the money assessed on the plaintiff was raised, was not legally convened, the legal voters not having been notified of the meeting in manner required by law ; and also because the assessors did not assess all the property in the district, liable to assessment.    The Judge ordered a nonsuit, on the principle that an action could not be maintained against the town for an illegal assessment by the assessors of a school district tax.    The plaintiff filed exceptions.

*N. D. Appleton,* for the plaintiff, contended, that the only remedy for the plaintiff for the wrong done him, was against the town; that an action would lie neither against the assessors, nor the district ; but would lie against the town.    He cited, *stat.* 1821, *c.* 117, § 9 ; *stat.* 1826, *c.* 337, § 1 ; 7 *Pick.* 106 ; 14 *Pick.* 365 ; 13 *Mass. R.* 272 ; 15 *Mass. R.* 144 ; 5 *Mass. R.* 427 ; 10 *Pick.* 547 ; *School Dis. in Greene,* v. *Bailey,* 3 *Fairf.* 254 ; 4 *Pick.* 399.

*D. Goodenow* argued for the defendants, that as there was no allegation in the writ, and no offer to prove, that the assessors acted with personal faithfulness and integrity, it did not appear but that they were personally liable.    The exception in the statute should have been negatived in the writ.    *Smith* v. *Moore,* 6 *Greenl.* 278. The whole record is to be examined.    *Farrar* v. *Merrill,* 1 *Greenl.* 17.    If there was no school district, the assessors were *not required by law* to assess the tax, and acted in their own wrong, and they only are liable.    The statute does not apply to school districts.    It could never have been intended, that a town should be held answerable for any improper proceedings, wilful or otherwise, on the part of a school district.    *School Dis. in Greene* v. *Bailey,* 3 *Fairf.* 259 ; *Little* v. *Merrill,* 10 *Pick.* 543.

Trafton *v.* Alfred.

After a continuance for advisement, the opinion of the Court was drawn up by

EMERY J. — "The plaintiff proposed to prove," among other things, " that the school district was not legally formed by territorial limits. That the meeting at which the money was raised, which was assessed on the plaintiff, was not legally convened, the legal voters of the school district not having been notified as the law requires, and because the assessors did not assess all the property liable to assessment situated in that supposed district. Upon these exceptions, we must consider that the plaintiff could do all this, because the Judge who presided at the trial, ordered a nonsuit, on the ground that an action could not be maintained against the town for an illegal assessment by its assessors of a school district tax."

Previous to the act of *March* 6, 1826, *c.* 337, actions of trespass, or trespass on the case were the usual remedy against assessors for an illegal assessment by which a person's property had been taken, or his body arrested under a warrant from the assessors, directed to a collector, for the purpose of enforcing the collection of the money.

It often proved greivous to men of irreproachable characters, elected to serve the towns, or parishes, &c. that they should be harrassed with lawsuits arising, generally, from a desire to execute the duty assigned to them.

A conviction of this truth, induced the legislature to pass that statute.

The statute of *March* 21, 1821, *c.* 116, of 64 sections, had not provided a safeguard to the officer.

The *stat. c.* 337, in the first section, declares, that the assessors of towns, plantations, parishes and religious societies shall not hereafter be made responsible for the assessment of any tax, *which they are by law required to assess*, but the liability, if any, shall rest solely with said towns, plantations, parishes and religious societies ; and the assessors shall be responsible only for their own personal faithfulness and integrity. After this, our *statute, c.* 518, passed *March* 31, 1831, an additional act regulating elections, *sec.* 5, declares, that in no case, shall any town or plantation officer incur a penalty, or be made to suffer in damages, by reason of his official

acts, or neglects, unless the same shall be unreasonable, corrupt or wilfully oppressive; provided, however, that the neglect to prepare the list of voters, to deposit it in the town clerk's office, or to post it up as by that act is required, and the neglect to call town or plantation meetings for elections, or to cause returns of votes to be delivered into the office of the secretary of State, as required by the constitution, and laws of the State, or to make the records by law required, shall be deemed unreasonable, unless the contrary shall be made to appear.

By this last statute, made manifestly with reference to elections, the legislature have described their views of what may be thought unreasonable in the conduct of any town or plantation officer, leaving to the common law to settle what is corrupt or wilfully oppressive. There is nothing in this act throwing especial responsibility on the town for the errors of its officers, and whatever of liability there is must result from the provisions of the *stat. c.* 337.

It is insisted for the defendants, that as the inhabitants of towns are obliged by law to choose assessors or selectmen, who must be assessors, if others be not chosen, the town is not liable by common law to such a suit, and could become so only by the provisions of the statute. And that care should be taken so to describe the right of the plaintiff to sue as to bring his case within the pale of that law recently enacted.

The case of *Farrar* v. *Merrill*, 1 *Greenl.* 17, has been cited, and the late Chief Justice there says, " it is our duty, in deciding on the exceptions, to look to the whole evidence." In *Smith* v. *Moore*, 6 *Greenl.* 274, he says, " neither a report of a Judge, nor an exception alleged by a party according to our statute constitute any part of the record. Whether all the facts necessary to the maintenance of the action were averred in the declaration was not part of the case reserved." In the case under consideration reference is made in the exceptions to the declaration by the statement, that, " this is an action of trespass as set forth in the writ," and a copy of that writ has been shewn as one of the papers in the case. It is not certified by the clerk, but a deputy-sheriff. In the drawing of the exceptions, it is not made specifically a part of the case, and it is not the practice to look into the declaration unless it be so described. Nor is it necessary here. For the generality of the

Trafton *v.* Alfred.

terms used by the Judge, " an action could not be maintained," must be understood to be *such* as was then before him, — an action of trespass.   And we are of opinion, that the remedy cannot be sought against the inhabitants of *Alfred,* either in an action of trespass, or on the case.

It is urged, that unless this action can be sustained, the plaintiff will be remediless.   We have heard this assigned as a reason for sustaining an action against assessors.   This reasoning does not lead us to the conclusion, *that the present defendants are legally answerable.*   The statute has not said, that *in all cases where assessments shall be made,* the remedy in trespass, or other form of action, shall be pursued against the inhabitants of the town.   And that they shall have their remedy over against the assessors by whose act the injury may have occurred.   If there was no school district by territorial limits, the tax was not such an one as the assessors were by *law required to assess,* and the liability in such a case, does not rest solely with the town.   If the statute of *March* 1831, will protect the assessors, it does not follow that the town must suffer.

The question as to the construction of the statute of 1826, *c.* 337, has once before incidentally arisen, in the case, *Inhabitants of School District No.* 1, *in Greene* v. *Bailey,* 3 *Fairf.* 254, in error. And in delivering the opinion of the Court, in that case, the Chief Justice observed, " It could never have been intended that a town should be held answerable for any improper proceedings, wilful or otherwise, on the part of the majority of a school district.   In *Little* v. *Merill & al.* 10 *Pick.* 543, the Supreme Court of *Massachusetts* took the same view of the subject, when commenting on a similar statute."

After this direct expression of the opinion of the Court as to the intent of the Legislature, no further advance having been made by that body indicating a disposition to do more on the subject, we see no sufficient ground for changing the construction then given, though it may be very desirable that some more distinct modification should be made respecting the remedy for a person improperly affected by the proceedings in school districts.

                         *The exceptions are overruled,*